## Town of Granville *vs.* Town of Hancock.

### October Term, 1896.

Present: Ross, C. J., Rowell, Tyler, Munson, Start and Thompson, JJ.

*Pauper—Residence—Scope of Recovery.*

That town in this State wherein the pauper "last resided for three years" etc., is liable under the statute, notwithstanding he afterwards resided without the state.

While a pauper in one town receiving support from another town is, by implication of law, a resident in the latter, that implication ceases when he ceases to need and receive assistance, and from that time he begins to acquire a residence in town where he may be.

V. S. 3172 does not forbid a recovery for expenses incurred within sixty days before action brought.

Action to recover expense incurred in supporting a pauper. Trial by jury at the December Term, 1895, Addison County, *Taft*, J., presiding. A verdict was directed and judgment thereon rendered for the plaintiff. The defendant excepted.

*Stewart & Wilds* for the defendant.

The right of recovery must depend upon the proof of a three years' residence in the defendant town subsequent to the pauper's return to the State. His return should not be held to revive his old residence. This construction will promote the object of the law by limiting the field of enquiry.

The case of *Sandgate* v. *Rupert*, 67 Vt. 258, if carried to its logical conclusion will defeat the plaintiff.

The statute contemplates the right of redemption within sixty days and expenses incurred within that period are not recoverable.

*Button & Button* for the plaintiff.

A residence in another state does not preclude a recovery from a town otherwise chargeable by reason of a prior three years' residence. *Georgia* v. *Grand Isle*, 1 Vt. 464; *Tun-*

*bridge* v. *Norwich*, 17 Vt. 493; *Dover* v. *Wheeler*, 51 Vt. 160, 167; *St. Johnsbury* v. *Concord*, 68 Vt. 481.

The pauper might well acquire a residence in the defendant town after ceasing to receive support from Middlesex. He had a right to become self sustaining and thereby gain a new residence. *Rupert* v. *Sandgate*, 10 Vt. 278; *Dorset* v. *Manchester*, 3 Vt. 370; *Stowe* v. *Brookfield*, 26 Vt. 524; *Poultney* v. *Sandgate*, 35 Vt. 146; *Cabot* v. *Washington*, 41 Vt. 168.

The pauper's presumed residence in Middlesex, while being supported by that town, in Hancock, ceased when he became self supporting. *Barnet* v. *Ray*, 33 Vt. 205; *Leicester* v. *Brandon*, 65 Vt. 544; *South Burlington* v. *Worcester*, 67 Vt. 411.

The statute requiring sixty days' notice before the commencement of suit, was enacted to enable the defendant town to ascertain the facts, not to limit the plaintiff's recovery.

Ross, C. J. This is an action to recover for supporting a pauper. The court directed the jury to return a verdict in favor of the plaintiff. On the question of the residence of the pauper, in argument, the attorneys have treated, as proved, all facts which the exceptions state that the evidence tended to prove. We assume that they so treated them when each asked the court to direct the jury to return a verdict in favor of his client. We shall consider the case as though the exceptions stated that the evidence tending to show these facts was uncontroverted and that the parties waived the right to go to the jury in regard to the facts established thereby. On this basis the pauper resided in the defendant town supporting himself and family from July, 1873, to January, 1877. In March, 1877, upon proper proceedings he was ordered to removed from the defendant town to the town of Middlesex. The return of the officer, serving the order, shows that the pauper was not removed because his wife was sick and unable to be removed. Middle-

sex then assumed his support and supported him for some time, but the exact length of time is not stated. The pauper remained, during this time, in the defendant town. In 1888, the pauper removed to Northfield, but returned to the defendant in March, 1889. In 1891, he abandoned his domicile in Hancock and took it up in Massachusetts for about ten weeks, when he returned and took up his domicile in Hancock. The defendant offered to show, but the offer was excluded, against its exception, that the pauper after Middlesex ceased to furnish him support remained in the defendant town supporting himself and family for more than three years continuously.

(1) On these facts the defendant does not contend that the pauper did not reside in Hancock three years continuously while supporting himself and family, from July, 1873, to January, 1877, but claims that this residence cannot avail the plaintiff because of the residence of the pauper in Massachusetts for a short time in 1891. V. S. 3171 treats of the support of paupers only with reference to the towns of this State, and provides, that if the pauper at the time when he is in need of relief has not resided in the town furnishing the support "for three years supporting himself and family and is not of sufficient ability to provide such assistance, the town so furnishing the same may recover the expense thereof from the town where he last resided for the space of three years supporting himself and family." There is no limitation in regard to when the "last three years residence" shall have occurred with reference to the time when the person is in need of assistance, nor any mention of such residence being unavailing if thereafter the pauper had taken a residence in another state. This section of the statute is framed to fix definitely the town upon which the burden of supporting a person in need of assistance and who is not of sufficient ability to provide it, shall rest between the different towns of the State, where the law is·operative. It takes no account of such pauper's residence

out of the State.    Such was the early interpretation of the
similar statute in regard to the settlement of paupers.
*Georgia* v. *Grand Isle,* 1 Vt. 464.    The reasoning of the
court in that decision is applicable to the proper construc-
tion of this section of the statute.

This contention cannot be maintained.

(2)   The defendant further contends that the evidence
offered by it was erroneously rejected by the court.    It
appeared that in 1877 the pauper was, under the statute
then existing, ordered to remove with his family from
Hancock to Middlesex; that the pauper's wife was sick and
not able to be removed, and that upon service of the order
of removal upon Middlesex that town for a time supported
the pauper and his family in Hancock.    He contends,—and
such appears to be the import of the decisions of this court—
that while being thus supported the pauper, although
remaining with his family in Hancock, was, because under
the control and direction of Middlesex, in law, a resident of
Middlesex.    It offered to show that after Middlesex ceased
to support the pauper and his family in Hancock, the pauper
still being in Hancock supported himself and family without
aid from any town for more than three years, and contended
that for these three years the pauper's residence should be
treated as continuing in Middlesex, so that the pauper's
last three years of residence under this section would be in
Middlesex and not in Hancock.    This contention is unsound.
If, under the decisions, the pauper, while being supported by
Middlesex, although remaining in Hancock, was in law, to
be treated as residing in Middlesex, because Middlesex had
the right to, and, in the eye of the law, did control the
pauper's place of abode, and, for that reason, his residence
during that time, in law, was in Middlesex, such implica-
tion of the law, in regard to the pauper's residence, ceased
when Middlesex ceased to furnish, and to be under legal
obligation to furnish the pauper assistance.    Its power to
control the abode or residence of the pauper then ceased.
The person who had been assisted, as soon as he became

able to and did furnish his own support for himself and family, would have a residence in his own right in the town of Hancock, and not a residence by implication of law in Middlesex. Hence, if the offered testimony had been received, it would have established only a more recent three years' residence of the pauper in Hancock. It would have furnished no semblance of a defense to this action by Hancock. The rejection of the offer was therefore harmless error.

(3) The county court allowed the plaintiff to recover for aid furnished within sixty days prior to the commencement of this action. The defendant insists that this was error, and excepted thereto. V. S. 3172 does not allow an action to be commenced for furnishing assistance to a pauper where support by reason of residence is cast upon some other town, until sixty days after it has given notice of the condition of the pauper, or family, to the town under the legal duty to furnish such support. This time is given, evidently, to furnish the notified town a reasonable opportunity to investigate in regard to its liability and duty to assume the support of such pauper and family. It does not, in terms, if the town notifying is compelled to bring suit, limit its right of recovery to expenses properly incurred more than sixty days before suit is brought. Nor do we think that such a construction can fairly be given to this section. While it provides that actions for support, thus furnished, shall not be brought oftener than every sixty days, recovery may be had for all expenses incurred to the time the action is brought; at least such recovery is not inhibited. If the town notified,—after the first action has settled its liability,—does not assume the support of the pauper, the court may in its discretion impose double costs in subsequent actions. The recovering town must wait sixty days after the first recovery before it can bring a second suit in which the court may impose double costs. We find no error in the action of the county court.

*Judgment affirmed.*